IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| W.H., by and through his next friend, LARRY G., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:24-cv-1515 |
| FORT BEND INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § § | |

## ORIGINAL COMPLAINT

### I.     INTRODUCTION

1. This is a civil action brought pursuant to 20 U.S.C. § 1415(i) to appeal and to obtain a partial reversal of the erroneous aspects of a decision (the "Decision," attached as Exhibit A) by a hearing officer in an administrative proceeding. Plaintiff also asserts a claim under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, due to the retaliatory conduct of Defendant Fort Bend Independent School District to the detriment of Plaintiff. This action also seeks attorneys' fees for time spent in representing Plaintiff in the proceeding below and in litigating the instant Complaint.

### II.     JURISDICTION

2. This Court has jurisdiction pursuant to 20 U.S.C. § 1415, 28 U.S.C. §§ 1331 and 1343, and 29 U.S.C. § 794.

3. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the events that give rise to this Complaint occurred in this district.

### III.     PARTIES

4.      Plaintiff W.H. is a 15-year-old student with disabilities who lives with his guardian and next friend, Larry G., in or around Missouri City, Texas.  He resides within the geographical area served by the Fort Bend Independent School District ("FBISD").

5.      Defendant FBISD is a duly incorporated Independent School District located in Fort Bend County, Texas.  FBISD is the resident school district for W.H. and is responsible for providing him with a free appropriate public education under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq*. ("IDEA").

### IV.     STATEMENT OF FACTS

6.      Plaintiff W.H. is a fifteen-year-old student with disabilities who attends school in FBISD.  He is in the ninth grade during the 2023-2024 school year.  FBISD deems him eligible to receive special education instruction and services under the category of Specific Learning Disabilities in the areas of Basic Reading Skills, Math Calculation, and Written Expression.  He has been diagnosed with dyslexia.

7.      Plaintiff was in eighth grade during the 2022-2023 school year.  He received instruction and services in the General Education classroom with in-class support.  Plaintiff had received instruction and services in that setting in seventh grade during the 2021-2022 school year as well.  He had done well in seventh grade, including English and math.  The ARD Committee determined that Plaintiff was making steady progress.  Consequently, the ARD Committee determined to continue instruction and services for Plaintiff in the General Education with in-class support in Plaintiff's eighth grade year as well.

8.      Plaintiff uniformly received good grades during his eighth grade year in 2022-2023.  He received an 88 in Math 8 for the first term, which then rose to all A's for the remainder of the

school year. He received all A's in English, with a 96 as the lowest grade in any term. The case manager and in-class support teacher in English for Plaintiff during the 2022-2023 school year, believed that Plaintiff did well in English during that year with the supports that were in place.

9. Plaintiff made progress on his annual goals for his Individualized Education Program ("IEP") as well in his eighth grade year. Specifically, he made progress in, for example, fluency and accuracy. In fact, new goals were created for Plaintiff because he had accomplished what he needed to accomplish with respect to the old.

10. Plaintiff's ARD documentation for this school year shows excellent behavior. According to Plaintiff's case manager, it was a joy to provide services to Plaintiff because of his willingness to learn and the fact that he always did what was asked of him. Furthermore, Plaintiff made friends at school.

11. Nevertheless, despite Plaintiff's accomplishments in eighth grade, school-based members of the ARD Committee were already beginning to suggest a placement in the resource class for English and math as in a September 2022 ARD meeting. The only reason offered in the ARD meeting deliberations was the cognitive and achievement data. On information and belief, however, the real reason for these suggestions derives from the fact that Plaintiff's guardian rigorously sought and continues to seek to hold FBISD for implementing Plaintiff's Individualized Education Program with fidelity and diligence and has filed complaints with the Texas Education Agency in furtherance of that goal, several of which have led to requirements for corrective action issued by that agency. On information and belief, FBISD has sought to retaliate against Plaintiff and his guardian as a result of the efforts of Plaintiff's guardian in this regard.

12. The ARD Committee made a formal recommendation in the spring of 2023 for Plaintiff's placement in the resource classroom in English, math, and reading. In fact, as his grades and other measures of progress showed, Plaintiff needed no such placement in any of these subjects. FBISD has not been able to produce data indicating the need for such placements and has advocated for it only by denying the reliability of its own documentation that militates in favor of the opposite conclusion. FBISD's retaliatory motivations were further evidenced by its needless placement of Plaintiff in the Elkins High School—a school for which he is not zoned and in which he has none of the friends with which he grew up—ostensibly because Plaintiff's guardian and his advocate filed a complaint with the Office of Civil Rights on Plaintiff's behalf. Ironically, FBISD at hearing pointed to Plaintiff's lack of interaction with his peers in a disparaging way, implying that he did not speak with peers because he could not keep up with them. FBISD neglected to mention the real reason that Plaintiff was less likely to interact with his peers in his current school. FBISD had placed him for retaliatory reasons in a school in which he knew none of his peers at all and thus would necessarily have difficulty interacting in conversations between peers who had known one another for their entire scholastic lives.

13. In ninth grade, Plaintiff has continued to receive instruction and services in the General Education classroom with in-class support. He has received good grades during the 2023-2024 school year, ranging from a 93 to a 100 in his classes for the first term—all A's in other words. Plaintiff's math teacher for this school year assigned him a 94 for the first term through application of the same grading policies as are used in determining grades for other students.

14.     Plaintiff has made progress with respect to his IEP goals as well.  During Reporting Period 1, Plaintiff was able to make the following progress according to FBISD's own documentation:

>Goal 1: English 9th Grade Composition: Met goal/goal continues to be appropriate.

>Goal 2:  English 9th Grade Writing: Achieved mastery level of developing/goal continues to be appropriate.

>Goal 3: Fluency: Progressed from 108 words at 94% accuracy to 112 words at 96% accuracy.  The goal continues to be appropriate.

>Goal 4: Spelling: Progressed from 87% on Unit Post Test and 83% on Individualized Spelling Test to 89% on Unit Post Test and 100% on Individualized Spelling Test.  Expected to master first objective by next annual review.  The goal continues to be appropriate.

>Goal 5: Math 9th Grade (Algebra 1): On target to master goal/objective by next annual review.  The goal continues to be appropriate.

15.     Plaintiff exhibits no problematic behaviors in the General Education classroom or elsewhere.

16.     Despite all the data demonstrating Plaintiff's success in the General Education classroom with In-Class Support, FBISD continues to insist that he be placed in a resource classroom for Math and English.  Consequently, Plaintiff had no alternative but to file an administrative due process complaint pursuant to the Individuals with Disabilities Education Act.

17.     The Hearing Officer below recognized the inappropriateness of FBISD's attempt to place Plaintiff in the resource classroom for English Language Arts.  However, persuaded by FBISD's (1) repudiation of its own documentation, (2) misrepresentations concerning Plaintiff's difficulties in the general education classroom in math, and (3) further representations as to the efforts required of its own teachers and staff in addressing Plaintiff's needs in math, the Hearing Officer allowed FBISD to place Plaintiff in the resource classroom in math.  It is this latter

erroneous decision that Plaintiff appeals here.  Because FBISD's actions and omissions were largely retaliatory in nature and thus predicated on deliberate indifference, gross misjudgment, bad faith, and more, as evidenced most recently by the abusive tirade of an FBISD staff member towards Plaintiff's guardian and his advocate in a post-hearing ARD meeting and by the harassing activity of one or more of Plaintiff's teachers towards him since the due process hearing, Plaintiff asserts Section 504 claims as well.

## FIRST CAUSE OF ACTION (IDEA)

18. Plaintiff incorporates by reference paragraphs 1-17 of this Complaint.

19. The administrative hearing officer erred in denying Plaintiff a portion of the relief he requested.

20. Plaintiff hereby appeals the decision of the administrative hearing officer pursuant to 20 U.S.C. § 1415(i).

21. Plaintiff seeks reversal of the administrative hearing officer's decision and an order requiring Defendant to provide the full relief sought by Plaintiff in the underlying administrative proceeding, including, but not limited to, requiring FBISD to educate Plaintiff in the general education classroom with respect to mathematics, as well as English Language Arts.

22. Pursuant to 20 U.S.C. § 1415(i)(3), Plaintiff is entitled to reasonable attorneys' fees as a prevailing party in the administrative due process proceedings below and for this appeal as well, if he prevails in the current litigation.

## SECOND CAUSE OF ACTION (SECTION 504)

23. Plaintiff incorporates by reference paragraphs 1-22 of this Complaint.

24. Plaintiff is a "disabled/handicapped" individual as defined in 29 U.S.C. § 705.

25. Plaintiff has been denied and excluded from significant benefits of Defendant's program which would have, if properly designed and implemented for Plaintiff, had the possibility of providing a Free Appropriate Public Education to Plaintiff.

26. Defendant receives federal financial assistance in implementing its programs.

27. Defendant's level of deliberate indifference, bad faith, and gross misjudgment in failing to provide the benefits of its program to Plaintiff in a manner appropriately designed to promote his educational progress was and continues to be sufficiently egregious to constitute discrimination under Section 504.

28. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer irreparable harm.

**PRAYER**

Plaintiff seeks reversal of the administrative hearing officer's decision and an order requiring Defendant to provide the remedies sought in Plaintiff's underlying administrative due process complaint and listed in the Hearing Officer's Decision attached as Exhibit A, including, but not limited to, requiring FBISD to educate Plaintiff in the general education classroom in Plaintiff's reasonable and necessary attorneys' fees and costs of the suit, as well as for reasonable attorneys' fees as a prevailing party in the administrative due process proceedings below. In connection with his Section 504 claims, Plaintiff further requests an award of compensatory damages in an amount to be determined by this Court.

DATED: April 24, 2024 Respectfully Submitted,

   /s/ Mark Whitburn
Mark Whitburn
State Bar No. 24042144
Whitburn & Pevsner, PLLC
2000 E. Lamar Blvd., Suite 600
Arlington, Texas 76006
Tel: (817) 653-4547
Fax: (817) 653-4477
mwhitburn@whitburnpevsner.com

8